IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| CARLOS SCOVENS, | * |
| Petitioner, | * |
| v. | *   CIVIL NO.:   WDQ-07-2672 |
|  | *   CRIMINAL NO.: WDQ-05-0035 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending are Carlos Scovens's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, motion for discovery or evidentiary hearing, and motion for ruling on the discovery or evidentiary hearing motion. The Court has reviewed the pleadings and the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Scovens's motions will be denied.

I.   Background

On June 4, 2004, Baltimore County police officers responded to the scene of reported gunshots near 5949A Sunset Avenue in Baltimore. Upon arriving at the scene, officers found Scovens in the front doorway suffering from multiple gunshot wounds; the officers also found numerous cartridge casings outside the doorway. After securing the area and performing a protective

1

sweep, officers obtained a warrant to search the house for evidence of the attempt on Scovens's life. While searching the house, officers recovered crack cocaine and currency.

On January 27, 2005, Scovens was indicted on one count of possession with intent to distribute 50 grams or more of cocaine base. Scovens filed a motion to suppress, contending that the warrant lacked probable cause and was overbroad, and that the good faith exception to the warrant requirement was not satisfied. On June 14, 2005, the Court denied Scovens's motion to suppress, and on June 23, 2005, Scovens pled guilty. On September 16, 2005, Scovens was sentenced to 120 months imprisonment.

On April 24, 2006, the Fourth Circuit affirmed the Court's denial of Scovens's motion to suppress. *See United States v. Scovens*, 177 F. App'x 309 (4th Cir. 2006). On October 2, 2006, the Supreme Court denied certiorari. *Scovens v. United States*, 127 S. Ct. 256 (2006). Scovens filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on October 3, 2007.

II. Analysis

A. Ineffective Assistance Claim

1. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To

prove ineffective assistance of counsel, Scovens must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Id.* at 687. Scovens must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Scovens must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688. This scrutiny is highly deferential. *Id.* at 689.

2. Discussion

Scovens, who is African American, contends that his counsel was deficient for failing to argue that the search was motivated by racial bias and that "the search violated the Equal Protection Clause of the Fifth Amendment." Pet'r Supp. Mem. at 3. Specifically, Scovens contends--without evidence--that officers assumed he was involved in drug trafficking because of his race. The Government counters that there is no evidence of any racial bias in the investigation.

Although there is no Equal Protection Clause in the Fifth Amendment, the Due Process Clause in the Fifth Amendment, however, has been interpreted to include an implicit requirement

for equal protection. *See Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954). The due process protection of the Fifth Amendment applies to actions by the federal government. *See, e.g., Schlesinger v. Ballard*, 419 U.S. 498, 500 n.3 (1975). The Equal Protection Clause of the Fourteenth Amendment applies to conduct by state governments. *See, e.g., Brown v. Bd. of Educ.*, 347 U.S. 483, 494-95 (1954). The government conduct in Scovens's case was carried out by state actors; therefore, the Fourteenth Amendment applies to his claim. As *pro se* motions must be construed liberally, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the Court will treat Scovens's claim as one for equal protection under the Fourteenth Amendment.

Scovens has produced no evidence of racial motivation by the investigating officers. Scovens argues that his counsel could have investigated whether white crime victims were treated differently than he was and assumes that those statistics would have shown that Baltimore County police officers discriminatorily use search warrants. Scovens's speculation is not a basis for relief. His counsel's performance was not deficient.

B. Other Motions and Grounds for Relief

In Scovens's § 2255 motion, he contends that he recently obtained inventory sheets from the Baltimore County police which establish that officers seized evidence before the search warrant issued. Scovens argues that this evidence supports claims of

4

prosecutorial misconduct and ineffective assistance of counsel, and that the Court should reconsider the denial of his motion to suppress. Scovens moved for discovery or an evidentiary hearing to further investigate these facts.

Additional discovery may be available to a prisoner only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a) of the Rules Governing § 2255 Proceedings. Good cause exists "when a petition for habeas corpus establishes a prima facie case for relief." *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004).

The inventory sheets list shell casings, bullet fragments, and bloody clothing that were recovered on either June 4 or June 5, 2004. Pet'r Supp. Mem. Ex. A. Two of the sheets are stamped with a June 4, 2004 date, and one sheet has a time of "0103" on June 5, 2004, but two sheets also contain a handwritten June 5, 2004 date. *See id*. Scovens argues that the sheets establish that evidence was recovered before the warrant issued at 2:47 a.m. on June 5, and therefore that there is good cause for further discovery.

Scovens's reasoning is not clear. Assuming that Scovens is arguing that evidence was recovered before the warrant issued, the drug evidence seized was in plain view of the responding officers, *see* Suppression Hearing, April 22, 2005, Exs. 1, 2, and

5

would have been recoverable without a warrant, *see, e.g.*, *Minnesota v. Dickerson*, 508 U.S. 366, 374-75 (1993). In short, the inventory sheets do not support a claim of prosecutorial misconduct or ineffective assistance of counsel, or undermine the Court's denial of the motion to suppress. Accordingly, Scovens's motion for discovery or an evidentiary hearing will be denied.[1]

III. Conclusion

For the reasons discussed above, Scovens's motions will be denied.

_7/2/8_____          _____
Date                          William D. Quarles, Jr.
                              United States District Judge

---

[1] As Scovens's motion for discovery or an evidentiary hearing will be denied, his motion for a ruling on that motion will be denied as moot.